# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISMAEL TERRERO-TERRERO, | : | Civil No. 1:26-CV-00948 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN FCI ALLENWOOD LOW, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Ismael Terrero-Terrero ("Petitioner"), an inmate currently housed at the Federal Correctional Institution Allenwood Low ("FCI-Allenwood"). (Doc. 1.) Specifically, Petitioner alleges that the Bureau of Prisons ("BOP") should find him eligible for 121 days of home confinement under the Second Chance Act ("SCA"). (*Id*.) The court finds that prerelease placement under the SCA is at the discretion of the BOP. Therefore, the court will dismiss the petition.

### BACKGROUND

Petitioner initiated this action by filing a petition for writ of habeas corpus that the court received and docketed on April 14, 2026. (Doc. 1.) Petitioner challenges the BOP's denial of eligibility of 121 days of Home Confinement ("HC") under 18 U.S.C. 3624(c)(2). He argues that the BOP's reliance on "categorical exclusions based on Immigration detainers, Institutional Hearing

1

Program ('IHP')[1] participation, and Public Safety Factor ('PSF'), is contrary to the law." (Doc. 1-2.)  He alleges that he is not required to exhaust his administrative remedies because he is challenging binding national policy, he is presenting a pure legal question, exhaustion would cause irreparable harm, and administrative remedies are inadequate to provide the relief sought.  (Doc. 1-2.)

Petitioner paid the requisite filing fee.  The court will now screen the petition pursuant to Rule 4.

### VENUE

A § 2241 petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is being held at FCI-Allenwood in Union County, Pennsylvania, which is in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

---

[1] *See generally Demore v. Kim*, 538 U.S. 510, 531, n.13 (2003) ("Congress has directed the INS to identify and track deportable criminal aliens while they are still in the criminal justice system, and to complete removal proceedings against them as promptly as possible.  The INS therefore established the Institutional Hearing Program.") (citations omitted).

2

**STANDARD**

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).

**DISCUSSION**

Petitioner admits that he has not exhausted his administrative remedies prior to filing the instant petition, but asserts that exhaustion is not required because his petition concerns purely statutory construction.  (Doc. 1-2.)  Without making a determination regarding whether Petitioner was required to exhaust his administrative remedies, the court finds that the petition will be dismissed on its merits.

In his habeas petition, Petitioner challenges the BOP's denial of prerelease custody under the SCA.  (Doc. 1-3.)  Under the SCA, the decision of whether to transfer an inmate to prerelease custody is left to the discretion of the BOP.  18 U.S.C. § 3624(c)(4).  When exercising this discretion, the BOP must conduct an

individualized assessment of whether an inmate should be transferred to prerelease custody based on the following factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

(B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 247 (3d Cir. 2005).

The record in this case clearly establishes that Petitioner's Unit Team, in its February 2026 review, gave him individualized consideration consistent with the five factors of Section 3621(b).  (Doc. 1-9.)  Specifically, the Unit Team considered and evaluated the five factors as follows: (1) facility resources: "RRCs[2] have limited bed space availability & must be used judiciously to provide services to as many [inmates] as possible"; (2) offense: "THEFT OF FIREARMS FROM A FEDERAL FIREARM LICENSEE AND AIDING AND ABETTING,

---

[2] Residential Reentry Center ("RRC").

POSSESSION OF STOLEN FIREARM;" (3) prisoner: "Initial classification;" (4) court statement: "no recommendations regarding RRC consideration;" and (5) sentencing commission: "U.S. Sentencing Commission has not issued any policy statements related to BOP pre-release RRC procedure." (*Id.*) The Unit Team also stated that "[n]o RRC is recommended due to PSF Alien and pending immigration matters." (*Id.*)

Petitioner's disagreement with the BOP's recommendation does not establish a constitutional violation, as nothing in Section 3624 or Section 3621(b) entitles an inmate to any guaranteed placement in an RRC. *See Woodall*, 432 F.3d at 244–51 (holding, in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must,"); *see also Beckley v. Miner*, 125 F. App'x 385, 389 (3d Cir. 2005) (holding, "[i]t is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners.").

In conducting the five-factor review, Petitioner's Unit Team also found that he does not qualify for prerelease placement under the SCA due to his PSF and pending immigration matters. (Doc. 1-9.) BOP Program Statement 7310.04, "[i]nmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement[,]" shall not ordinarily participate in community

corrections programs. *See* U.S. Department of Justice, Federal Bureau of Prisons, Program Statement 7310.04, Community Corrections Center ("CCC") Utilization and Transfer Procedures (Dec. 16, 1998), at 11, https://www.bop.gov/policy/progstat/7310_004.pdf (last visited May 8, 2026). The BOP has discretion in placement in prerelease custody under the SCA, and it exercised its discretion in this case. The BOP conducted the required five-factor review and applied its policy. This is sufficient under the law, and the petition will be dismissed.

### CONCLUSION

For the above-stated reasons, the Section 2241 petition will be dismissed, and the case will be closed. An appropriate order follows.

<div style="margin-left:40%">

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

</div>

Dated: May 21, 2026